**James Alterique BROWN Appellant**

v.

**Ronnie R. HOLT Warden, FCI Schuylkill.**

No. 05–2875.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6 Aug. 25, 2005.

Decided Sept. 7, 2005.

---

**2.** Codified at N.J.S.A. § 34:19–1.

**3.** Codified at N.J.S.A. § 10:5–1.

James Altrique Brown, Minersville, PA, pro se.

Before RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

James Brown appeals the dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by the District Court for the Middle District of Pennsylvania.

Brown was convicted in the District of New Jersey of possession of a firearm by a convicted felon and the failure to appear, and was sentenced to a collective term of 92 months imprisonment. In 2001, Brown filed a motion to vacate pursuant to 28 U.S.C. § 2255. The motion was denied, and we denied a certificate of appealability. *Brown v. United States,* C.A. No. 03–2952. In 2004, Brown filed a motion to reopen the § 2255 proceedings. The motion was denied, and we denied a certificate of appealability. *Brown v. United States,* C.A. No. 04–3505. This Court also denied Brown's application to file a second or successive habeas petition, in which he sought to raise claims under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *In re Brown,* C.A. No. 05–1395.

Brown, who is currently confined within the Middle District of Pennsylvania, then filed a habeas petition pursuant to 28 U.S.C. § 2241, again challenging his sentence under *Booker.* The District Court found that § 2241 was not available to Brown and denied relief. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge to his sentence. 28 U.S.C. § 2255; *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002). A § 2241 petition may not be entertained unless a motion under § 2255 would be "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner can not meet the stringent gate keeping requirements of § 2255, *Okereke,* 307 F.3d at 120, or because the sentencing court does not grant relief, *Cradle v. United States ex rel. Miner,* 290 F.3d 536, 539 (3d Cir.2002).

Brown's claims fall within the purview of § 2255. Furthermore, as found by the District Court, Brown has not demonstrated that § 2255 is "inadequate or ineffective." *Cf. Okereke,* 307 F.3d at 120–21 (finding § 2255 not "inadequate or ineffective", where successive petitioner sought to raise sentencing claim based on intervening decision in *New Jersey v. Apprendi,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2001)). To the extent Brown argues that the "inadequate or ineffective" requirement is unconstitutional, the claim is without merit. *See United States v. Brooks,* 245 F.3d 291, 292 n. 2 (3d Cir. 2001) (recognizing that requiring federal prisoner to seek relief pursuant to § 2255, rather than § 2241, is not a suspension of the writ).

Accordingly, as there is no substantial question presented by this appeal, we will summarily affirm. Third Circuit LAR 27.4; Third Circuit I.O.P. 10.6.